## Corporations for Maintenance of Indigent Persons.

*Corporations—Corporations of first class—Support of indigent persons—Submission of charter to Board of Public Charities—Meaning of words "public expense"—Act of July 19, 1917.*

Under the Act of July 19, 1917, P. L. 1120, which requires charters for corporations for support of indigent persons, where such persons are to be maintained in whole or in part at public expense, to be submitted to the Board of Public Charities, the words "public expense" mean expenses payable out of public funds, and do not include voluntary contributions by a community or by a church, fraternal organization or other association.

Attorney-General's Department.   Opinion to Dr. John M. Baldy, Commissioner of Public Welfare.

COLLINS, Dep. Att'y-Gen., Sept. 11, 1922.—This department duly received your communication of the 29th ult., asking to be advised as to the meaning of the term "public expense" as found in the Act of July 19, 1917, P. L. 1120, relating to the incorporation of certain institutions.  It provides that whenever an application for a charter for an institution in which indigent persons are to be treated or maintained "in whole or in part at public expense" is filed in the Court of Common Pleas, the prothonotary of the court shall transmit a certified copy thereof to the Board of Public Charities, which shall thereupon advise the court whether, in its opinion, there is need for such an institution, with the reasons for its conclusion.  The act further provides that the court shall not approve the application unless it finds there is need for the institution in the community in which it is to be carried on, but that "the recommendation of the Board of Public Charities as to such necessity shall not be conclusive upon said court."  The purpose of the act was to give to the court, in acting upon an application for a charter for such an institution, the benefit of the expert knowledge of the said board, whose powers and duties thereunder are now vested in the Department of Public Welfare.

The precise question you ask to be advised upon is whether the term "public expense," as used in the act, is to be construed as including moneys voluntarily contributed by a community in which the institution is to be carried on, or contributed by a church or some fraternal organization or other association.  In my opinion, it is not to be so construed.  What is contemplated is an expense payable out of the public funds, as, for example, the aid given by the State for the care or treatment of indigents, or an expense imposed by law upon a poor district for that purpose.  One voluntarily assumed by a community or some organization does not partake of that nature.  Contributions such as the aforesaid are charitable and benevolent donations and not charges or exactions upon the public payable out of public funds.  Public funds have been defined to mean "taxes, customs, etc., appropriated by the government to the discharge of its obligations:" 6 Words and Phrases, 5788.

It is to be noted, however, that the opinion of the Department of the Attorney-General is not controlling upon the action of the court in any case in which such an application as the aforesaid may be made for a charter.  The court can put its own construction upon the meaning of the said term, and your department should be governed thereby and give its opinion and reasons as to the need of the institution in any case asked by any court.

You are advised that it is the opinion of the Department of the Attorney-General that the term "public expense," as used in the aforesaid act, means expenses payable out of public funds, and does not include voluntary contributions by a community or by a church, fraternal organization or other association.                                From Guy H. Davies, Harrisburg, Pa.